**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

PRATIAN LLC,


         DEBTOR.

CASE NO. 17-07013 (EAG)


CHAPTER 7

FILED & ENTERED ON 9/26/2018

**OPINION AND ORDER**

Creditor Ormic Corp. filed an involuntary petition under chapter 7 of the Bankruptcy

Code against alleged debtor PRatian LLC.[1]  Ormic also filed an involuntary chapter 7 petition

against a related individual debtor, Mr. Axel A. Garcia Burgos. [Case No. 17-07015 EAG7.]

PRatian moves the court for dismissal of the involuntary petition alleging that this

petition was filed in bad faith, that ORMIC lacks standing to file it since its claim is subject to

a bona fide dispute as to liability under section 303(b), and that the court should abstain from

this case under section 305(a)(1) because this is a two-party dispute. [Dkt. No. 14.] By way of

a motion for summary judgment, ORMIC opposes dismissal arguing that there is no bona fide

dispute as to the claim because PRatian has acknowledged that it owes the debt, that the filing

of this petition was warranted, and that the debtor's request for abstention is premature and

devoid of evidence. [Dkt. No. 17.]

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11
of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule"
are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal
Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy
Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to
"Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the
District of Puerto Rico.

The grounds raised in PRatian's motion to dismiss [at Dkt. No. 14] and opposed by Ormic in its motion for summary judgment [at Dkt. No. 17] are denied without prejudice because they are not suited for summary judgment and require an evidentiary hearing. There are material facts in dispute in which the intent of the parties is at issue that entail the weighing of evidence as to the debtor's liability, the contractual relationship between the parties, and the nature of the conveyance of the money.  And, matters of intent are not appropriate for summary judgment. See Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).  They are even less appropriate for resolution by a motion to dismiss.

A separate order is to be entered setting an initial scheduling conference prior to the evidentiary hearing on the involuntary petition filed against PRatian.

In Ponce, Puerto Rico, this 26th day of September 2018.

Edward A. Godoy
U.S. Bankruptcy Judge

2